UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                  CASE NO. 6:08-CR-179-Orl-31GJK

WILLIE WILLIAMS

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Brian

Albritton, United States Attorney for the Middle District of Florida, and the defendant,

**WILLIE WILLIAMS**, and the attorney for the defendant, A. Scott Harrison, mutually

agree as follows:

A.      **Particularized Terms**

1.      Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts Eleven, Twelve and

Thirteen of the Indictment.  Counts Eleven, Twelve and Thirteen charge the defendant

with bank fraud, in violation of 18 U.S.C. §§ 1344 and 2.

2.      Maximum Penalties

Counts Eleven, Twelve and Thirteen each carry a maximum sentence of

30 years imprisonment, a fine of $1,000,000.00, a term of supervised release of not

more than 5 years, and a special assessment of $100 per felony count, said special

assessment to be due on the date of sentencing.  With respect to certain offenses, the

Court shall order the defendant to make restitution to any victim of the offense(s), and

Defendant's Initials _____

AF Approval _____
Chief Approval _____

with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.     Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Counts Eleven, Twelve and Thirteen are:

First:      That the Defendant executed or attempted to execute a scheme to Defraud a financial institution to obtain money from said financial institution by means of false or fraudulent pretenses, representations, or promises relating to a material fact, as charged;

Second:      That the Defendant did so willfully with an intent to defraud;

Third:      That the false or fraudulent pretenses, representations, or promises were material; and

Fourth:      That the financial institution was federally insured.

4.     Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts Fourteen, Fifteen, and Twenty-one through Twenty-five, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.     No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials _____                    2                    Chief Approval _____

6.    Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. §§ 3663(a) and (b), defendant agrees to make full restitution.

7.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.    Guidelines Sentence–Joint Recommendation

Pursuant to the Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree to jointly recommend to the Court that the defendant be sentenced within the defendant's applicable guideline range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a joint recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials _____                    3                    Chief Approval _____

9.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10.    Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court.  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _____    4    Chief Approval _____

11.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18, U.S.C. § 982 whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees.  The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.  The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture.  Pursuant to Rule 32.2(b)(3), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a

Defendant's Initials _____            5            Chief Approval _____

consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing. To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located. The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Defendant's Initials _____         6         Chief Approval _____

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

**B.**   **Standard Terms and Conditions**

1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _____    7    Chief Approval _____

3.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition.  The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by

Defendant's Initials _____        8        Chief Approval _____

the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5.      Defendant's Waiver of Right to Appeal and
        Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government

Defendant's Initials _____                9                Chief Approval _____

exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. §
3742(b), then the defendant is released from his waiver and may appeal the sentence
as authorized by 18 U.S.C. § 3742(a).

6.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the
United States Attorney for the Middle District of Florida and cannot bind other federal,
state, or local prosecuting authorities, although this office will bring defendant's
cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in
camera, in whole or in part, upon a showing of good cause, and filed in this cause, at
the time of defendant's entry of a plea of guilty pursuant hereto.

8.    Voluntariness

The defendant acknowledges that defendant is entering into this
agreement and is pleading guilty freely and voluntarily without reliance upon any
discussions between the attorney for the government and the defendant and
defendant's attorney and without promise of benefit of any kind (other than the
concessions contained herein), and without threats, force, intimidation, or coercion of
any kind.  The defendant further acknowledges defendant's understanding of the nature
of the offense or offenses to which defendant is pleading guilty and the elements
thereof, including the penalties provided by law, and defendant's complete satisfaction
with the representation and advice received from defendant's undersigned counsel (if
any).  The defendant also understands that defendant has the right to plead not guilty

Defendant's Initials _____          10          Chief Approval _____

or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

FACTS

NATASHA KEE, VIVIAN CHANEY, JACQUELYN PERKINS, ERIC HOOKS, TAKEILA SLAUGHTER, **WILLIE WILLIAMS**, GERALD SCOTTIE, CYNTHIA GREEN, and DANIELLE WILLIAMS devised a scheme to defraud United Services Automobile

Defendant's Initials _____          11          Chief Approval _____

Association (USAA), AmSouth Bank, Compass Bank, Colonial Bank, Trustco Bank, Riverside Bank of Central Florida, GTE Federal Credit Union, Orlando Federal Credit Union, Fairwinds Credit Union, and Navy Federal Credit Union.  These institutions are federally insured, either by the Federal Deposit Insurance Corporation (FDIC) or the National Credit Union Share Insurance Fund (NCUA).

It was part of the scheme and artifice to defraud that NATASHA KEE, VIVIAN CHANEY, JACQUELYN PERKINS, ERIC HOOKS, TAKEILA SLAUGHTER, **WILLIE WILLIAMS**, GERALD SCOTTIE, and CYNTHIA GREEN would engage and did engage in a check kiting and on-line banking scheme by which NATASHA KEE would cause funds to be deposited into accounts controlled by her and her co-defendants at USAA, AmSouth Bank, Compass Bank, Colonial Bank, Trustco Bank, Riverside Bank of Central Florida, GTE Federal Credit Union, Orlando Federal Credit Union, Fairwinds Credit Union, and Navy Federal Credit Union in the form of checks that were written on closed accounts and accounts with insufficient funds and in the form of on-line transfers of money from accounts controlled by NATASHA KEE and her co-defendants that had insufficient funds.

It was a further part of the scheme and artifice to defraud that NATASHA KEE would and did withdraw funds that were deposited into accounts controlled by her prior to the time when the federally insured financial institutions received notification that the checks that had been deposited were worthless and that the on-line transfers were conducted using accounts that had insufficient funds.

VIVIAN CHANEY, JACQUELYN PERKINS, ERIC HOOKS, TAKEILA SLAUGHTER, **WILLIE WILLIAMS**, GERALD SCOTTIE, and CYNTHIA GREEN would

Defendant's Initials _____        12        Chief Approval _____

and did provide their personal information to NATASHA KEE to be used to open, and cause to be opened, accounts at a federally insured financial institutions for the sole purpose of executing the scheme to defraud.

NATASHA KEE did open via the Internet accounts at a federally insured financial institution using the names of her three children and the daughter of CYNTHIA GREEN.

It was a further part of the scheme and artifice to defraud that NATASHA KEE, TAKEILA SLAUGHTER, CYNTHIA GREEN, GERALD SCOTTIE, and **WILLIE WILLIAMS** would and did open accounts with GTE Federal Credit Union.

NATASHA KEE would and did write, and cause to be written, checks using the accounts that had been opened by her and her co-defendants when, as NATASHA KEE then and there well knew, those checks were worthless because they were written on accounts that had insufficient funds or were closed.

NATASHA KEE would and did conduct on-line transfers of funds using the accounts that had been opened by her and her co-defendants when, as NATASHA KEE then and there well knew, those transfers were made from accounts that had insufficient funds.

VIVIAN CHANEY, JACQUELYN PERKINS, ERIC HOOKS, TAKEILA SLAUGHTER, **WILLIE WILLIAMS**, GERALD SCOTTIE, and CYNTHIA GREEN would and did receive a share of the proceeds from NATASHA KEE for their participation in executing the scheme to defraud.

On or about the dates set forth below, **WILLIE WILLIAMS** and NATASHA KEE knowingly executed and attempted to execute the scheme and artifice to defraud the Institutions set forth below by knowingly conducting on line transactions in accounts

Defendant's Initials _____      13      Chief Approval _____

controlled by them or a third party, when, as the defendant then and there well knew,

the accounts had no funds as follows:

| NATASHA KEE WILLIE WILLIAMS | 5/18/07 | 3109 | $1,500 | Reginald Henderson USAA #38677377 | Willie Williams GTE Federal Credit Union #466161380 | Closed account |
|---|---|---|---|---|---|---|
| NATASHA KEE WILLIE WILLIAMS | 5/22/07 | 3117 | $1,200 | Reginald Henderson USAA #38677377 | Willie Williams GTE Federal Credit Union #466161380 | Closed account |
| NATASHA KEE WILLIE WILLIAMS | 5/22/07 | 3118 | $1,200 | Reginald Henderson USAA #38677377 | Willie Williams GTE Federal Credit Union #466161370 | Closed account |

On December 7, 2007, NATASHA KEE was interviewed.  NATASHA KEE

admitted to fraudulently opening bank accounts with USAA, Navy Federal Credit Union,

and GTE Federal Credit Union under the names **WILLIE WILLIAMS**, JACQUELYN

PERKINS, CYNTHIA GREEN, VIVIAN CHANEY, ERIC HOOKS, TAKEILA

SLAUGHTER, DANIELLE WILLIAMS, GERALD SCOTTIE, Melissa Goodwin, Reginald

Henderson, Elicia Henderson, Jamylah Russell, Gerald Russell, Lucinda Lincoln,

Ronnell Hudson, and Jo Nielsen.  NATASHA KEE indicated that she opened the

accounts under these names with the approval, of those listed in capital letters above,

to open the accounts.  NATASHA KEE stated that she made them aware that what she

would do with their identities would be illegal and all agreed that she could proceed.

NATASHA KEE admitted that she would receive half of the proceeds from

withdrawing money from fraudulent bank accounts she opened for those individuals

after she artificially inflated the accounts with fraudulent internet and phone deposits.

NATASHA KEE explained that she would use physical checks from these fraudulently

Defendant's Initials _____   14   Chief Approval _____

opened accounts to make deposits into other fraudulently opened accounts. NATASHA KEE admitted that she used her personal computer to effect the online transactions. NATASHA KEE stated that she also conducted fraudulent online transactions at Kinko's because her computer was not working.

NATASHA KEE admitted that she did the majority of the work in that she opened all of the accounts and she made the majority of the withdrawals and all of the deposits. NATASHA KEE explained that JACQUELYN PERKINS would also effect withdrawals for her account with GTE Federal Credit Union. NATASHA KEE stated that she would go to banks early in the morning, before they opened, in order to make withdrawals. When asked why she did this, NATASHA KEE stated that she traveled to the banks before they opened to make the withdrawals before the fraudulent deposits were identified.

NATASHA KEE confirmed that CYNTHIA GREEN brought her daughter's information, Lucinda Lincoln, to her to further the fraudulent activity. NATASHA KEE confirmed that she used her children's identities, names listed above, and Ronnell Hudson's identity without their knowledge to further the fraudulent activity. NATASHA KEE stated that TAKEILA SLAUGHTER gave her the personal identifying information for Melissa Goodwin in order to further the fraudulent activity. NATASHA KEE admitted that she received approximately half of the proceeds from the fraudulent activity and would give the other half of the proceeds to the account holders. NATASHA KEE confirmed that she gave a check to DANIELLE WILLIAMS with instructions that if she cashed or deposited the check it would be illegal.

Defendant's Initials _____     15     Chief Approval _____

10.     Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11.     Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _____ day of _____, 2008.

A. BRIAN ALBRITTON
United States Attorney

_____
WILLIE WILLIAMS
Defendant

By: _____
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

_____
A. Scott Harrison
Attorney for Defendant

_____
Carlos A. Perez-Irizarry
Assistant United States Attorney

Defendant's Initials _____          16          Chief Approval _____